IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

BILLY A. SPEAGLE,  )
    PLAINTIFF,  ) CASE NO:
  )
VS.  )
  )
LIBERTY HEALTHCARE CORPORATION,  )
GREG DONATHAN,  )
SHAN JUMPER,  )
GERALD CARREON,  ) JURY TRIAL DEMANDED
ELENOR SCHUPICK,  )
NATALIA BYGRAVE,  )
    DEFENDANTS.  )
  )

## COMPLAINT

THIS COMPLAINT ASSERTS A CIVIL ACTION PURSUANT TO TITLE 42 OF THE UNITED STATES CODE, SECTION 1983 FOR THE VIOLATION OF CERTAIN PLAINTIFF'S RIGHTS AS GUARANTEED HIM UNDER THE UNITED STATES CONSTITUTION AND THE ILLINOIS CONSTITUTION AS WELL AS NUMEROUS AND VARIOUS FEDERAL AND STATE CODES AND STATUTES.

### SECTION 1: FEDERAL JURISDICTION

1. THE JURISDICTION OF THIS COURT IS INVOKED PURSUANT TO THE CIVIL RIGHTS ACT 42 U.S.C. 1983 et.seq., THE JUDICIAL CODE 28 U.S.C. 1331 and 1343, AND SUPPLIMENTARY JURISDICTION OF ILLINOIS STATE LAW CLAIMS ARISING OUT OF THE SAME NUCLEUS OF FACTS PURSUANT TO 28 U.S.C. 1367 (a).

2. THIS COURT HAS AUTHORITY PURSUANT TO 2201 AND SECTION 2202 TO PROVIDE DECLARTORY RELIEF TO MATTERS WITHIN ITS JURISDICTION, AND ALSO HAS AUTHORITY UNDER 42 U.S.C. 1988 TO AWARD ATTORNEY FEES AND COSTS TO SUCCESSFUL CIVIL RIGHTS PLAINTIFF'S

3. VENUE IS PROPER IN THE CENTRAL DISTRICT OF ILLINOIS PURSUANT TO 28 U.S.C. 1391 (b)(2) BECAUSE THIS IS WHERE THE CONSTITUTIONAL BREACH OCCURRED.

## SECTION 2: THE PARTIES

(A) THE PLAINTIFF BILLY A. SPEAGLE, WAS AT ALL TIMES RELEVANT OF THIS COMPLAINT A CITIZEN OF THE UNITED STATES OF AMERICA, AND SUCH IS GUARENTEED ALL THE RIGHTS, PRIVELEDGES, IMMUNITIES, AND SAFEGARDS OF THE UNITED STATES CONSTITUTION AND IS ENTITLED TO ITS PROTECTIONS.

BILLY A. SPEAGLE
ILLINOIS DEPARTMENT OF HUMAN SERVICES
TREATMENT AND DETENTION FACILITY
17019 COUNTY FARM ROAD
RUSHVILLE, ILLINOIS 62681
217-322-3204

(B) THE DEFENDANTS

(1) LIBERTY HEALTHCARE CORPORATION
C/O ILLINOIS DEPARTMENT OF HUMAN SERVICES
TREATMENT AND DETENTION FACILITY
17019 COUNTY FARM ROAD
RUSHVILLE, ILLINOIS 62681

   LIBERTY HEALTHCARE CORPORATION IS SUED IN ITS OFFICIAL AND ITS INDIVIDUAL CAPACITIES TO THE EXTENT IT IS PROVED TO HAVE ANY. LIBERTY WAS AT ALL TIMES RELEVANT TO THIS COMPLAINT AND UPON INFORMATION AND BELIEF A CONTRACTUAL SERVICES PROVIDER AT IDHS/TDF WAS ACTING IN THE COURSE AND SCOPE OF ITS DUTIES WHILE ACTING "UNDER COLOR OF STATE LAW".

(2) GREG DONATHAN - PROGRAM DIRECTOR
ILLINOIS DEPARTMENT OF HUMAN SERVICES
TREATMENT AND DETENTION FACILITY
17019 COUNTY FARM ROAD
RUSHVILLE, ILLINOS 62681

   DEFENDANT GREG DONATHAN IS SUED IN BOTH HIS INDIVIDUAL AND OFFICAIAL CAPACITIES. DEFENDANT GREG DONATHAN WAS AT ALL TIMES RELEVANT TO THIS COMPLAINT WORKING IN THE CAPACITY AS A STATE OFFICIAL OF THE STATE OF ILLINOIS ACTING IN THE COURSE AND SCOPE OF HIS DUTIES WHILE ACTING "UNDER THE COLOR OF STATE LAW", AND ENGAGED IN THE CONDUCT COMPLAINED OF HEREIN.

(3) SHAN JUMPER, Ph.D., CLINICAL DIRECTOR
    ILLINOIS DEPARTMENT OF HUMAN SERVICES
    TREATMENT AND DETENTION FACILITY
    17019 COUNTY FARM ROAD
    RUSHVILLE, ILLINOIS 62681

    DEFENDANT SHAN JUMPER, IS SUED IN BOTH HIS INDIVIDUAL CA-PACITIES AND HIS OFFICIAL CAPACITIES. DEFENDANT SHAN JUMPER WAS UPON INFORMATION AND BELIEF AN EMPLOYEE OF LIBERTY HEALTHCARE. HE WAS AT ALL TIMES RELEVANT TO THIS COMPLAINT WORKING IN THE CA-PACITY AS A STATE OFFFICIAL OF THE STATE OF ILLINOIS ACTING IN THE COURSE AND SCOPE OF HIS DUTIES WHILE ACTING "UNDER THE COLOR OF STATE LAW", AND ENGAGED IN THE CONDUCT COMPLAINED OF HEREIN.

(4) GERALD CARREON - MA, LMFT - "RED" TEAM LEADER
    ILLINOIS DEPARTMENT OF HUMAN SERVICES
    TREATMENT AND DETENTION FACILITY
    17019 COUNTY FARM ROAD
    RUSHVILLE, ILLINOIS 62681

    DEFENDANT GERALD CARREON, IS SUED IN BOTH HIS INDIVIDUAL AND HIS OFFICIAL CAPACITIES. DEFENDANT GERALD CARREON WAS UPON INFORM-ATION AND BELIEF AN EMPLOYEE OF LIBERTY HEALTHCARE. HE WAS AT ALL TIMES RELEVANT TO THIS COMPLAINT WORKING IN THE CAPACITY AS A STATE OFFICIAL OF THE STATE OF ILLINOIS ACTING IN THE COURSE AND SCOPE OF HIS DUTIES WHILE ACTING "UNDER COLOR OF STATE LAW", AND ENGAGED IN THE CONDUCT COMPLAINED OF HEREIN.

(5) NATALIA BYGRAVE - Psy.D, LASOP - post/Doc., THERAPIST/FACLITATOR
    ILLINOIS DEPARTMENT OF HUMAN SERVICES
    TREATMENT AND DETENTION FACILITY
    17019 COUNTY FARM ROAD
    RUSHVILLE, ILLINOIS 62681

    DEFENDANT NATALIA BYGRAVE, IS SUED IN BOTH INDIVIDUAL AND HER OFFICIAL CAPACITIES. DEFENDANT NATALIA BYGRAVE WAS UPON IN-FORMATION AND BELIEF AN EMPLOYEE OF LIBERTY HEALTHCARE, SHE WAS AT ALL TIMES RELEVANT TO THIS COMPLAINT WORKING IN THE CAPACITY AS A STATE OFFICIAL OF THE STATE OF ILLINOIS ACTING IN THE COURSE AND SCOPE OF HER DUTIES WHILE ACTING "UNDER THE COLOR OF STATE LAW", AND ENGAGED IN THE CONDUCT COMPLAINED OF HEREIN.

(6) ELENOR SCHUPICK- MA, THERAPIST/FACILITATOR
ILLINOIS DEPARTMENT OF HUMAN SERVICES
TREATMENT AND DETENTION FACILITY
17019 COUNTY FARM ROAD
RUSHVILLE, ILLINOIS 62681

DEFENDANT ELENOR SCHUPICK, IS SUED IN BOTH HER INDIVIDUAL AND OFFICIAL CAPACITIES. DEFENDANT NATALIA BYGRAVE WAS UPON INFORMATION AND BELIEF AN EMPLOYEE OF LIBERTY HEALTHCARE. SHE WAS AT ALL TIMES RELEVANT TO THIS COMPLAINT WORKING IN THE CAPACITY AS A STATE OFFICIAL OF THE STATE OF ILLINOIS ACTING WITHIN THE COURSE AND SCOPE OF HER DUTIES WHILE ACTING "UNDER COLOR OF STATE LAW", AND ENGAGED IN THE CONDUCT COMPLAINED OF HEREIN.

(7) JULIE GODDARD - MSW, LCSW, LASOP
ILLINOIS DEPARTMENT OF HUMAN SERVICES
TREATMENT AND DETENTION FACILITY
17019 COUNTY FARM ROAD
RUSHVILLE, ILLINOIS 62681

DEFENDANT JULIE GODDARD, IS SUED IN BOTH HER INDIVIDUAL AND OFFICIAL CAPACITIES. DEFENDANT JULIE GODDARD WAS UPON INFORMATION AND BELIEF AN EMPLOYEE OF LIBERTY HEALTHCARE. SHE WAS AT ALL TIMES RELEVANT TO THIS COMPLAINT WORKING IN THE CAPACITY AS A STATE OFFICIAL OF THE STATE OF ILLINOIS ACTING WITHIN THE COURSE AND SCOPE OF HER DUTIES WHILE ACTING "UNDER COLOR OF STATE LAW", AND ENGAGED IN THE CONDUCT COMPLAINED OF HEREIN.

## SECTION 3: LITIGATION HISTORY

PLAINTIFF IN THIS COMPLAINT HAS NOT BROUGHT ANY FEDERAL OR STATE LAW SUITS, OR CIVIL LITIGATIONS OF ANY TYPE THAT DEALS WITH THE SAME FACTS AND EVIDENCE ALLEGED IN THIS COMPLAINT.

## SECTION 4: EXHAUSTION OF ADMINISTATIVE REMEDIES

THE PLAINTIFF IS NOT A PRISONER, HE IS NOT AWAITING ANY CHARGES, NOR IS HE CHARGED WITH A CRIME. THIS PLAINTIFF IS NOT A PRISONER UNDER THE DEFINITION OF THE PLRA AND IS NOT REQUIRED TO EXHAUST ADMINISTRATIVE REMIDIES PRIOR TO BRINGING A SUIT. NOW

WITHSTANDING THAT FACT, THE PLAINTIFF HAS COMPLAINED CONSISTANTLY ABOUT HIS SITUATION AT THE FACILITY AND HAS NOT RECEIVED ANY RELIEF WHATSOEVER FOR HIS EFFORTS.

### SECTION 5: STATEMENT OF FACTS AND CLAIMS

I RESTATE AND REALLEGE ABOVE PARAGRAPHS AND INCORPORATE THEM AS THOUGH FULLY SETFORTH HEREIN.

(1)    THE PLAINTIFF BILLY A. SPEAGLE, AFTER COMPLETION OF HIS CRIMINAL SENTENCE IN THE ILLINOIS DEPARTMENT OF CORRECTIONS, (IDOC) WAS TRANSFERED TO THE ILLINOIS DEPARTMENT OF HUMAN SERVICES, ("IDHS") FOR CARE AND TREATMENT UNDER THE ILLINOIS SEXUALLY VIOLENT PERSONS COMMITMENT ACT, ("SVP ACT" OR "THE ACT"), AT THEIR TREATMENT AND DETENTION FACILITY. ("TDF") LOCATED IN RUSHVILLE, ILLINOIS. PLAINTIFF IS DETAINED UNDER LAW FOR THE PURPOSE OF TREATMENT AND IS NOT SIMILAR TO HIS CRIMINAL COUNTER PARTS WHEREIN PUNISHMENT IS LEGAL AND PROPER.

(2)    THE TREATMENT PROVIDED AT THE TDF, UNDER THE ILLINOIS LAW, IS REQUIRED TO BE PROVIDED BY A LICENSED AND QUALIFIED EXPERT. THE SEX OFFENDER EVALUATION AND TREATMENT PROVIDER ACT, 225 ILCS 109/75(A)(6), (a)(10). KNOWINGLY DELIGATING ANY PROFESSIONAL RESPONSIBILITY TO A PERSON UNQUALIFIED BY TRAINING, EXPERIANCE, OR LICENSE VIOLATES ILLINOIS STATUTE 225 ILCS 109/1 et.seq., AND OPENS UP ANYONE DOING SO TO CRIMINAL LIABILITY AND ALSO SERVES TO PLACE THE DEFENDANTS IN THIS CAUSE ON NOTICE OF THE SERIOUS NATURE OF PLAINTIFF'S SERIOUS TREATMENT NEEDS BECAUSE HIS TREATMENT IS:

(1) COURT ORDERED: (2) UNDER ILLINOIS LAW ANY UNLICENSED AND THEREFORE UNQUALIFIED TREATMENT IS NOT ABLE TO BE CONSIDERED TOWARDS THE PLAINTIFF'S RELEASE FOR THE PURPOSE OF CONDUCTING AN EVALUATION AND THUS ILLINOIS MADE THE JUSTIFIABLE AND IN OUR HUMBLE OPINION, THE CORRECT DECISION, AND MADE PROVIDING THE PLAINTIFF UNQUALIFIED TREATMENT IS A CRIMINAL OFFENCE. UNDER ANY REVIEW OF ILLINOIS LAW THE PLAINTIFF IS CURRENT INCARCERATED IN, THE PLAINTIFF MUST MAKE PROGRESS THROUGH THE FIVE (5) PHASES OF TREATMENT JUST TO BE CONSIDERED FOR RELEASE FROM THE PROGRAM AND REGAIN HIS FREEDOM.

(3)    THE NATURE OF THIS COMPLAINT IS THAT THE PLAINTIFF IS A DETAINEE WITHIN THE ONLY TREATMENT AND DETENTION FACILITY THAT THE STATE OF ILLINOIS HAS FOR THE TREATMENT OF SEXUALLY VIOLENT PERSONS("SVP'S") UNDER THE ACT, IT IS A ESTABLISHED LAW THAT THE MENTAL ILLNESS THAT THE PLAINTIFF SUFFERS FROM CONSTITUTES A SERIOUS MEDICAL NEED REQUIRING MEDICAL/TREATMENT

ATTENTION WITHOUT DELAY, AND THE DEFENDANTS NAMED IN SECTION TWO (2) OF THIS COMPLAINT HAVE FAILED/REFUSED TO MOVE HIM FORWARD IN HIS TREATMENT EVEN AFTER HE HAS COMPLETED "ALL" REQUIRED REQUIREMENTS NEEDED TO MOVE FORWARD IN HIS TREATMENT AND WHEN THE PLAINTIFF ASKED DEFENDANTS (his treatment team) WHY AM I NOT MOVING FORWARD IN MY TREATMENT? HE IS TOLD BY THE DEFENDANTS IN SECTION TWO (2) OF THIS COMPLAINT -"I DON'T KNOW". DUE TO THE DEFENDANTS IN SECTION TWO (2) OF THIS COMPLAINT NOT MOVING THE PLAINTIFF FORWARD IN HIS TREATMENT THE PLAINTIFF IS UNABLE TO MAKE PROGRESS TOWARDS COMPLETION OF THE FIVE (5) PHASE PROGRAM.

(4)     ALSO IT IS WELL NOTED THAT ALL STATE AND PRIVATE EVALUATORS BASE THEIR EVALUATIONS AND RECOMENDATIONS FROM THE AMOUNT OF PROGRESS A PERSON MAKES WHILE IN TREATMENT AND WITHOUT THE PLAINTIFF BEING MOVED FORWARD IN HIS TREATMENT BY THESE DEFENDANT'S IN SECTION TWO (2) OF THIS COMPLAINT THE EVALUATORS WILL MORE LIKELY THAN NOT STATE THE PLAINTIFF HAS "NOT" MADE ENOUGH PROGRESS TO BE SAFELY HANDLED WHILE OUT ON CR IN THE COMMUNITY AT THIS TIME.

(5)     THE GOAL OF TREATMENT HERE AT THE RUSHVILLE TREATMENT AND DETENTION FACILITY HERE IN RUSHVILLE, ILLINOIS IS FOR THE PLAINTIFF/RESIDENTS TO RETURN HOME AS A SAFE PERSON WHO WILL NOT HARM OR REOFFEND OTHERS. THE PROGRAM POLICY IS FOR EACH GROUP MEMBER TO RECEIVE A MINIMUM OF FOURTY FIVE (45) MINUTES PER WEEK OF INDIVIDUALIZED TREATMENT/FOCUS TIME IN EACH DISCLOSURE TYPE GROUP EACH WEEK. THE DEFENDANTS IN SECTION TWO (2) OF THIS COMPLAINT HAVE "NOT" KEPT TO THE PROGRAM POLICY'S BEING FOLLOWED MAKING IT HARD FOR THE PLAINTIFF IN THIS CAUSE TO PROGRESS IF NOT IMPOSSIBLE FOR HIM TO MOVE FORWARD IN HIS TREATMENT AND THIS IS NOTHING MORE THAN A VIOLATION OF THE PLAINTIFF'S DUE PROCESS RIGHTS AND HIS FOURTEENTH AMENDMENT RIGHTS GIVEN TO HIM BY THE UNITED STATES CONSTITUTION AS WELL AS OTHER LAWS AND AMENDMENTS TO BOTH THE ILLINOIS AND UNITED STATES CONSTITUTION.

## TOTALITY OF CLAIMS

I RESTATE AND REALLEGE ABOVE PARAGRAPHS AND INCORPORATE THEM AS THOUGH FULLY SETFORTH HEREIN.

(a) STATED WITHIN THE COMPLAINT, I WAS PLACED AT THE TDF BY THE COURT IN ACCORDANCE WITH THE ACT TO RECEIVE CARE AND TREATMENT FOR MY ALLEGED SERIOUS MENTAL DISORDERS. THE TDF HIRED TREATMENT STAFF TO CONDUCT SEX OFFENDER SPECIFIC TREATMENT FOR RESIDENTS SERIOUS MENTAL DISORDERS.

(b)     EVEN THOUGH SIGNING UP FOR TREATMENT IS VOLUNTARY, THE COURT BY WAY OF A COURT ORDER SENT ME TO THE TDF TO RECEIVE CARE AND TREATMENT SO I FOLLOWED THE COURT ORDER, SHORTLY AFTER ARRIVING AT THE TDF I VOLUNTARILY SIGNED UP TO RECEIVE GROUP TREATMENT/SEX OFFENDER TREATMENT.

(A)(1)   DEFENDANT'S SCHUPICK AND DEFENDANT GODDARD

(A)(2)   DURING ONE OF HIS SCHEDULED TREATMENT TIMES DEFENDANT'S SCHUPICK AND GODDARD FORCED PLAINTIFF TO RE-READ HIS ASSIGNMENT COVERING HIS TIME ABOARD A U.S. WARSHIP. HE DID RE-READ THIS APPROXIMATELY FIFTY TIMES (50) EVEN THOUGH HIS ANSWERS NEVER WAIVERED. THE OTHER RESIDENTS PRESENT IN THE GROUP CALLED A HALT TO THEIR BEHAVIOR STATING THIS WAS ABUSIVE TO HIM. THIS HAD LASTED FOR SEVERAL DAYS.

(A)(3)   DURING ANOTHER OF HIS SCHEDULED TREATMENT TIMES PLAINTIFF WAS DIRECTED TO RE-READ HIS PREDICATE OFFENCE DISCRIPTION. ABOUT HALF-WAY THROUGH DEFENDANT'S SCHUPICK AND DEFENDANT GODDARD FORCED HIM TO STOP AND RE-READ IT AGAIN. THEY CONTINUED TO DIRECT HIM TO RE-READ THIS APPROXIMATELY SIXTY (60) TIMES LASTING SEVERAL DAYS BEFORE THE GROUP CALLED FOR THEM TO STOP BADGERING HIM WITH NOBODY ELSE HAVING TO DO THIS, HE HAS ANSWERED YOUR QUESTIONS.

(A)(4)   DEFENDANT'S SCHUPICK AND DEFENDANT GODDARD VIOLATED PLAINTIFF"S RIGHTS BY FORCING HIM TO CONTINUE TO READ HIS ASSIGNMENT ABOUT HIS MASTERBATION ON A SHIP WHILE HE WAS RECEIVING INTENCE TRAINING FIFTY (50) TIMES OVER A SEVERAL DAY PERIOD.

(A)(5)   DEFENDANT'S SCHUPICK AND DEFENDANT GODDARD VIOLATED PLAINTIFF'S RIGHTS BY FORCING HIM TO CONTINUE TO READ ASSIGNMENT of HIS PREDICATE OFFENCE RESTARTING HIM SIXTY TIMES LASTING A SEVERAL DAY PERIOD.

(A)(6)   AS STATED IN COMPLAINT, DEFENDANT'S SCHUPICK AND DEFENDANT GODDARD WERE HIRED TO GIVE TREATMENT AT THE TDF THEY KNEW THEY WERE DEALING WITH PEOPLE WHO HAD SEVERE MENTAL DISORDERS. DEFENDANT'S GODDARD AND DEFENDANT SCHUPICK VIOLATED PLAINTIFF'S RIGHTS BY MAKING THE PLAINTIFF ANSWER THE QUESTION OF MASTERBATING WHILE ON A NAVAL WARSHIP, CONTINUING OVER AND OVER FOR SEVERAL DAYS CAUSING HIM HARM.

(A)(7)   AS STATED IN COMPLAINT, DEFENDANT'S SCHUPICK AND DEFENDANT GODDARD WERE HIRED TO GIVE TREATMENT AT THE TDF THEY KNEW THEY WERE DEALING WITH PEOPLE WHO HAD SEVERE MENTAL DISORDERS. DEFENDANT'S SCHUPICK AND DEFENDANT GODDARD VIOLATED PLAINTIFF'S RIGHTS BY MAKING THE PLAINTIFF RE-READ THE PREDICATE OFFENCE CONTINUING OVER AND OVER FOR SEVRAL DAYS CAUSING HIM HARM.

(B)(1)     **DEFENDANT'S SCHUPICK AND DEFENDANT GODDARD**

(B)(2)     DURING PLAINTIFF'S SCHEDULED FOCUS DEFENDANT SCHUPICK SAID SHE HAD A CONCERN ABOUT MY INTERACTION WITH MY PSYCHIATRIC Dr. I SAID OK. DEFENDANT **SCHUPICK** STARTED YELLING AT THE TOP OF HER VOICE SAYING YOUR STUPID. DON'T YOU KNOW YOUR FUCKING WITH YOUR MEDICATION. SHE CONTINUED TO RANT. I NERVOUSLY INTERUPTED HER SAYING I HAVE NEVER YELLED OR CUSSED AT YOU WHY ARE YOU DISRESPECTING ME.

(B)(3)     DEFENDANT SHUPICK VIOLATED MY RIGHT WHEN SHE ATTEMPTED TO VIOLATE MY HIPPA RIGHTS TO PRIVACY. SHE THEN VIOLATED MY RIGHTS WHEN SHE BEGAN YELLING YOUR STUPID AND WHY ARE YOU FUCKING WITH YOUR MEDS ?

(B)(4)     DEFENDANT GODDARD VIOLATED MY RIGHTS WHEN DEFENDANT SCHUPICK WAS CALLING ME STUPID AND CUSSING AT ME BY SITTING IDILY BY DURING THE REPEATED ATTACKS.

(B)(5)     WHEN DEFENDANT SCHUPICK WAS HIRED TO GIVE TREATMENT AT THE TDF SHE KNEW THAT SHE WAS DEALING WITH PEOPLE WHO HAD SEVERE MENTAL DISORDERS. WHEN DEFENDANT SCHUPICK VIOLATED MY RIGHTS WHEN YELLING I WAS STUPID AND CUSSING AT ME YOU FUCKING WITH YOUR MEDS. OVER AND OVER THIS CAUSED PLAINTIFF HARM.

(B)(6)     WHEN DEFENDANT GODDARD WAS HIRED TO GIVE TREATMENT AT THE TDF SHE KNEW THAT SHE WAS DEALING WITH PEOPLE WHO HAD SEVERE MENTAL DISORDERS. WHEN DEFENDANT GODDARD VIOLATED MY RIGHTS BY SITTING IDILY BY WHEN THE PLAINTIFF WAS BEING YELLED AT AND CUSSED AT CAUSED HIM HARM.

(C)(1)     **DEFENDANT BYGRAVE**

(C)(2)     DURING PLAINTIFF'S SCHEDULED FOCUS DEFENDBYGRAVE ASKED PLAINTIFF ABOUT HIS INTERACTION DURING HIS PPG TEST. HE SAID THE PERSON DOING THE TEST SAID COULD NOT RUN IT AT THIS TIME. DEFNDANT BYGRAVE BEGAN YELLING AT THE PLAINTIFF YOUR A LIAR, YOUR A LIAR. SHE CONTINUED THIS FOR SEVERAL MORE TIMES BEFORE PLAINTIFF ASKED HER TO CALM DOWN AND STOP CALLING ME A LIAR WHEN I AM TELLING YOU THE TRUTH.

(C)(3)     DEFENDANT BYGRAVE VIOLATED PLAINTIFF'S RIGHTS BY YELLING AT HIM AND CALLING HIM A LIAR NUMEROUS AND AT VARIOUS TIMES.

(C)(4)   WHEN DEFENDANT BYGRAVE WAS HIRED TO GIVE TREATMENT AT THE TDF SHE KNEW THAT SHE WAS GOING TO BE DEALING WITH PEOPLE THAT HAVE SEVERE MENTAL DISORDERS. WHEN DEFENDANT BYGRAVE VIOLATED HIS RIGHTS BY YELLING AT HIM AND THEN CALLING HIM A LIAR NUMEROUS AND AT VARIOUS TIMES THIS CAUSED PLAINTIFF HARM.

### SECTION 6: RELIEF REQUESTED:

WHEREFORE, FOR THE REASONS AND VIOLATIONS COMPLAINED OF ABOVE, THE PLAINTIFF IN SECTION 6, PRAYS THAT THIS HONORABLE COURT ENTERS AND ISSUES AN ORDER:

(1)   FINDING AND ENUCIATING A DECLATORY JUDGEMENT THAT THE EVENTS AND ACTIONS COMPLAINED OF ABOVE VIOLATED THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION, AS WELL AS OTHER LAWS AND AMENDMENDMENTS TO BOTH THE ILLINOIS AND UNITED STATES CONSTITUTION.

(2)   AWARDING THE PLAINTIFF HIS COST AND REASONABLE ATTORNEY'S FEES WHERE APPROPRIATE.

(3)   AWARDING THE PLAINTIFF COMPENSATORY DAMAGES IN EXCESS OF FIFTY THOUSAND DOLLARS ($50,000.00) WITH SAID DAMAGES TO BE PROVEN UP AT TRIAL OR DURING A HEARING CONDUCTED BY THIS COURT.

(4)   AWARDING THE PLAINTIFF PUNITIVE DAMAGES IN EXCESS OF FIFTY THOUSAND DOLLARS ($50,000.00) WITH SAID DAMAGES TO BE PROVEN UP AT TRIAL OR DURING A HEARING CONDUCTED BY THIS COURT.

(5)   AWARDING THE PLAINTIFF PERMANENT INJUNCTIVE RELIEF PREVENTING ANY FURTHER VIOLATION OF THE PLAINTIFF'S RIGHTS.

(6)   AWARDING THE PLAINTIFF ANYFURTHER RELIEF AS THIS HONORABLE COURT DEEMS JUST, FIT, AND EQUITABLE AT TIME OF TRIAL OR HEARING.

RESPECFULLY SUBMITTED,

DATE: 2-13- , 2023 .

Billy A. Speagle

BILLY A. SPEAGLE. PLAINTIFF
ILLINOIS DEPARTMENT OF HUMAN SERVICES
TREATMENT AND DETENTION FACILITY
17019 COUNTY FARM ROAD
RUSHVILLE, ILLINOIS 62681
(217)322-3204
PRO-SE



UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
OFFICE OF THE CLERK

# RUSHVILLE
## SCANNING COVER SHEET

**Notice – Please read and carefully follow these instructions.**

1. Each pleading must have this cover sheet on top.
2. Each pleading must be legible. Typed, double-spaced pleadings are preferred.
3. All pages must be numbered.
4. Each pleading must be scanned separately as one complete document. A pleading may not be scanned page by page. If the pleading is more than 25 pages, then the pleading must be scanned and submitted in multiple emails with a maximum size of 25 pages. The subject line of each email should specify the range of pages included within. (For example, a 40 page pleading would be broken into 2 emails, the first with a subject line "Email 1 of 2 – Pages 1-25" and the second with a subject line of "Email 2 of 2 – Pages 26-40".)
5. Discovery requests and responses are not filed with the Court unless they are part of a motion to compel. Discovery requests and responses shall not be electronically filed per Local Rule 26.3. However, a Certificate of Service may be scanned stating you have served your discovery documents on the other parties in the case.
6. Only lines and boxes included on this form should be filled out. Do not provide any other information regarding your pleading on this Scanning Cover Sheet.

**Please complete the following (Print):**

Date: 2-13-23

Name: Billy A Speagle -V- Liberty Healthcare Corporation

Case Number: _____  ☒ (Check here if this is a new case)

**Type of Pleading (Check only one):**

☒ Motion / Petition
☐ Response / Reply
☐ Other (Specify) _____

Title of Pleading: _____
(For Example, "Motion to Compel" or "Response to Summary Judgment")

Number of Pages for this Pleading (Not including Scanning Cover Sheet): 12